## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| **BRIAN MILLER, an individual;** ) | **CASE NO.:** 2:19-cv-00793 |
| ) | |
| **Plaintiff,** ) | **COMPLAINT FOR VIOLATION OF** |
| ) | **ERISA SECTION 502(a)(1)(B);** |
| **v.** ) | |
| ) | |
| **LIFE INSURANCE COMPANY OF** ) | **[29 USCS 1132(a)(1)(B)]** |
| **NORTH AMERICA, a Pennsylvania** ) | **[29 USCS 1132(g)]** |
| **Corporation; MRC GLOBAL (US) INC.** ) | |
| **LONG-TERM DISABILITY PLAN, an** ) | |
| **employee benefit plan; and DOES 1** ) | |
| **through 10, inclusive;** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| _____ ) | |

Plaintiff, Brian Miller, alleges:

### PRELIMINARY ALLEGATIONS

### The Parties

1.    The Plaintiff is an individual residing in Boone County, West Virginia.  He was an employee of MRC Global (US) INC., and by virtue of said employment he qualified for disability benefits through the MRC Global (US) INC. Long-Term Disability Plan.

2.    Plaintiff is informed, believes and thereupon alleges that Defendant, Life Insurance Company of North America, is a corporation existing under the laws of Pennsylvania and doing business in the Southern District of West Virginia.

1

3. Plaintiff is informed, believes and thereupon alleges that Defendant, MRC Global (US) INC. Long-Term Disability Plan, is an employee benefit plan existing under the laws of Texas and doing business in the Southern District of West Virginia.

4. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged. The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e)(1) (Federal Question). Venue is additionally proper pursuant to 29 USC Section 1132(e)(2).

## Plan Provisions and Actions

6. The Plan was at all material times a duly organized, existing and qualified Plan. *A copy of the MRC Global (US) INC. Long Term Disability Plan is attached hereto as Exhibit A and incorporated herein by reference.*

7. The Plaintiff was an employee of MRC Global (US) INC., and was duly qualified participant in the Plan at all material times hereto. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

8. The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

2

9.   The Long Term Disability Plan that Defendant, Life Insurance Company of North America sold MRC Global (US) INC.,[1] contains "any occupation" and "own occupation" definitions of disability.  These definitions can be found in the April 28, 2016 letter denying Plaintiff additional disability benefits:

**Definition of Disability:**

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1.     unable to perform the material duties of his or her Regular
       Occupation; and
2.     unable to earn 80% or more of his or her Indexed Earnings from
       working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1.     unable to perform the material duties of any Occupation for which
       he or she is, or may reasonably become, qualified based on
       education, training or experience; and
2.     unable to earn 60% or more of his or her Indexed Earnings.

10.   In May of 2015, the Plaintiff became totally disabled by virtue of his inability to work as required by the Plan.

11.   By letter dated April 28, 2016, Defendant, Life Insurance Company of North America denied Plaintiff Long-term Disability ("LTD") benefits.

12.   Plaintiff appealed this denial of LTD benefits by letter dated August 26, 2016.

13.   Following this appeal and Defendant, Life Insurance Company of North America's decision to overturn its denial of Plaintiff's claim for Short-term Disability ("STD") benefits, Plaintiff received LTD benefits.

14.   Plaintiff continued to receive LTD benefits until he was denied additional LTD benefits by letter dated April 27, 2017.

---

[1] At the time the Group Disability Insurance Certificate was purchased, MRC Global (US) INC. was known as McJunkin Red Man Corporation.

15. This wrongful denial of Plaintiff's LTD benefits was appealed by letter dated October 19, 2017.

16. By Fully Favorable Decision dated February 23, 2018, Plaintiff was awarded Social Security Disability Benefits.

17. By letter dated May 29, 2018, Defendant, Life Insurance Company of North America affirmed its previous denial of Plaintiff's claim for LTD benefits.

18. This denial was appealed by letter dated November 26, 2018.

19. By letter dated June 26, 2019, Defendant, Life Insurance Company of North America once more affirmed its denial of Plaintiff's claim for LTD benefits.

20. This June 26, 2019 denial letter fully exhausted Plaintiff's administrative remedies.

21. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff as determined by the Social Security Administration and the opinions of his treating physicians. *See Exhibit B* and *Exhibit C*, respectively.

22. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

23. The Court has authority to review the decision of the Plan de novo.

## CAUSE OF ACTION

### (Violation of Section 502 (a)(1)(B) Against Life Insurance Company of North America, MRC Global (US) INC. Long Term Disability Plan,and DOES 1 through 10, inclusive.)

24.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23, inclusive.

25.  The Plaintiff is due rights and benefits under the terms of the Plan.

26.  The Defendants denied the Plaintiff the rights and benefits due under the Plan.

27.  The decision denying the Plaintiff the rights and benefits due to the Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith.

28.  The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

29.   As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to be proven.

30.   As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages in an amount to be proven. Such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

**WHEREFORE,** the Plaintiff prays for judgment against Defendants as follows:

1.   Ordering the Defendants to pay to Plaintiff all benefits due under the Plan;

2.   Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award Plaintiff a money judgment for all sums owed to Plaintiff;

3.   Awarding Plaintiff prejudgment interest to the date of judgment;

4.   Awarding Plaintiff's attorney's fees, court costs and all other reasonable costs incurred; and

5.   Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

**Dated:**   5th day of November, 2019

**UNDERWOOD LAW OFFICES**

**By:** _____

**J. Patrick L. Stephens, WVSB #10262**
**923 Third Avenue**
**Huntington, WV 25701**
**Telephone: (304) 522-0508**
**Facsimile: (304) 399-5449**
***Counsel for Plaintiff***

6